[Civ. No. 9083. Second Appellate District, Division One.—April 25, 1935.]

CITY TRANSFER & STORAGE COMPANY (a Corporation), Respondent, v. S. O. WALKER, Appellant.

Sidney Sampson and Hare & Walden for Appellant.

Ray Meacham for Respondent.

ROTH, J., *pro tem.*—One of the defendants, while in the employ of plaintiff City Transfer & Storage Company, respondent herein, appropriated money belonging to respondent. In the course of investigation made and action taken by respondent in an effort to determine what steps should be taken to enforce collection, all parties met at the office

of respondent's attorney. It was there decided that a negotiable promissory note should be signed by appellant S. O. Walker, an uncle, and defendants Gill and DeLapp, brothers-in-law of the employee, and by the employee himself, said note to be paid in monthly instalments with a provision that it should be paid in full in two years. Pursuant to such agreement a note was executed by the parties aforesaid, default was made in payment of the instalments provided, and since the note contained an acceleration clause, the instant action was commenced thereon. Defendants Gill and De-Lapp defaulted, the action was tried as to appellant S. O. Walker, respondent prevailed and had judgment for the amount remaining unpaid on the note, and from that judgment appellant appeals.

▮ Appellant contends that he executed the note to save his nephew from criminal prosecution, which was threatened by respondent, and upon respondent's promise to refrain from such prosecution. Respondent asserts there never was any threat of criminal prosecution by respondent or anyone else with its knowledge or by its authorization, but that there was some talk of initiating a civil action to recover the money which had been appropriated. The evidence on this subject is conflicting, and it would serve no useful purpose to review the same in detail. We have read the record and we are satisfied without the aid of the trial court's finding, that the evidence preponderates in favor of respondent's position, and that the trial court came to a judicious conclusion when it so found. In any event, the finding of the trial court is binding upon us. The facts being as outlined, we adopt the language of the court in Keating v. Morrissey, 6 Cal. App. 163, 164 (syllabus) [91 Pac. 677], as appropriate and decisive. In that case the court said, and we say here: "Where there was evidence tending to show that the note sued upon was executed by the defendant under a promise made on the part of the payee that she would refrain from suing the son of defendant, who had been an unfaithful agent of the plaintiff, upon a note bearing his signature payable to plaintiff, such evidence tended to show what in law is a sufficient consideration to support the note of the defendant to plaintiff. The law

430

in such case will not attempt to measure the amount, or weigh the *quantum*, of the consideration. . . .

"Though a note given in consideration of a direct promise not to prosecute defendant's son for a felony would be void as against public policy, yet where the jury found against such promise, its finding on that subject is binding upon this court; and where the evidence tended to show that defendant considered that a civil suit against her son would involve him in public disgrace, as exposing his bad faith and dishonesty, she had a sufficient incentive to execute the note in suit in consideration of forbearance of the plaintiff to sue her son; and if such was the only agreement in fact, her mere belief that her son had committed a criminal offense would be immaterial."

The judgment is affirmed.

Houser, Acting P. J., and York, J., concurred.